

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 9:13-CR-15 |
| § | |
| TERRELL JUSTIN ROGERS § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).  The United States alleges that the defendant, Terrell Justin Rogers, violated conditions of supervised release imposed by United States District Judge Ron Clark.  The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #66) requesting the revocation of the defendant's supervised release.  The Court conducted a hearing on April 21, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  The defendant was present and represented by counsel at the hearing.  Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On September 3, 2014, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. Judge Clark ultimately sentenced Mr. Rogers to 90 months imprisonment, to be followed by three (3) years of supervision subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health services, and a $100.00 special assessment. On October 1, 2020, Terrell Justin Rogers completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following

special condition of release:

*You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as the defendant is released from the program by the probation officer.*

Specifically, Mr. Rogers failed to report to the drug testing site to provide a urine specimen as scheduled on October 19, 2020, and November 11, 2020.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would present testimony establishing that Mr. Rogers failed to report to the designated drug testing site to be submit a urine specimen as directed on October 19, 2020, and November 11, 2020.

Defendant, Terrell Justin Rogers, offered a plea of true to the allegations. Specifically, he agreed that he failed to report to a drug testing site as directed on the dates alleged above in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14

months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years.  *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release.  *See* 18 U.S.C. § 3583(h).  The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  *Id.*  In this case, the authorized term of supervised release by statute is not more than three (3) years   *See id*.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.*   *See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

4

defendant committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Terrell Justin Rogers, to serve a term of **twelve (12) months and one (1) day imprisonment**. **The Court recommends that Mr. Rogers be allowed to attend substance abuse treatment classes while incarcerated and that he receive credit for any back custody time due in this revocation proceeding.**

The Court further recommends that, upon release from prison, the defendant serve a new term of **supervised release of eighteen (18) months**. The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction, as well as the special conditions recommended by the United States Probation Office and imposed in subsequent judgments and orders of modification. The Court further finds that the recommended special conditions are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) (requiring that special conditions be tailored to the individual defendant and supported by the record).

Accordingly, the new term of supervised release should include the following conditions, as recommended by the United States Probation Office:

"While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

You must provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment.

You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

Under the guidance and direction of the United States Probation Office, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider. The defendant shall pay any cost associated with treatment and testing."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See*

*Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of April, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE