# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 9:13-CR-15** |
| **v.** § | |
| § | |
| § | |
| **TERRELL JUSTIN ROGERS** § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 25, 2022, alleging that the Defendant, Terrell Justin Rogers, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

### I. The Original Conviction and Sentence

Rogers was sentenced on September 3, 2014, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of VI, was 84 to 105 months. Rogers was subsequently sentenced to 90 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include:

- The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

- The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

- Under the guidance and direction of the United States Probation Office, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider. The defendant shall pay any cost associated with treatment and testing.

On October 1, 2020, Rogers completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Lufkin Division.  On May 19, 2021, the original term of supervised release was revoked. The Court imposed a sentence of 12 months and 1 day imprisonment followed by 18 months of supervised release.

## II.  The Period of Supervision

On January 14, 2022, Rogers completed his period of imprisonment and began service of his reimposed term of supervision in the Southern District of Texas, Galveston Division, and was subject to the standard conditions of supervision plus the same special conditions noted above.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations.  The petition alleges that Rogers violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2.  The Defendant must refrain from any unlawful use of a controlled substance and must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

<u>Allegation 3.</u>  The Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise participation in the program. The Defendant must pay any cost associated with treatment and testing.

### IV.  Proceedings

On September 21, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the third allegation that claimed he did not attend counseling sessions as instructed.  In return, the parties agreed that he should serve a term of 13 months' imprisonment, with no supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony,

more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to attend counseling sessions as directed, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months, but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided at least one-half of the minimum term is satisfied by imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

    corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to participate in counseling sessions as directed. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the

aforementioned statutory sentencing factors will best be served by a prison sentence of 13 months, with no supervised release to follow.

### VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to report to his probation officer as directed. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 13 months' imprisonment, with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 28th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge